UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

K. S., by and through DAVID and
ALISHA SCOLES, as parents and
natural guardians,

        Plaintiff,

v.                                            Case No: 6:23-cv-616-PGB-EJK

SCHOOL BOARD OF ORANGE
COUNTY, FLORIDA,

        Defendant.

## ORDER

This cause comes before the Court on Plaintiff's *Ex Parte* Motion for Appointment of Guardian ad Litem (the "Motion"), filed on April 4, 2023. (Doc. 2.) For the reasons discussed herein, the Motion is due to be denied.

On April 4, 2023, David and Alisha Scoles brought this action on behalf of K.S., seeking damages for injuries K.S. sustained while under supervision of Defendant, School Board of Orange County, Florida. (Doc. 1.) Plaintiff asserts the School Board violated Title IX and was negligent. (*Id.*) David Scoles, as K.S.'s parent and natural guardian, now moves this Court for appointment as K.S.'s guardian ad litem. (Doc. 2.)

The Eleventh Circuit has held that "'[t]he appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure.'" *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (quoting *Roberts v.*

*Ohio Casualty Ins. Co.*, 256 F.2d 35, 38 (5th Cir. 1958)). "*Burke* was an *Erie* case, but its holding—that Rule 17(c) is broad enough to control the question of whether the Court should appoint a guardian ad litem—is no less applicable in cases arising under federal law than in diversity cases." *Barrett v. Fecna Am.*, No. 6:18-cv-2200, 2020 WL 3841295, at *2 (M.D. Fla. May 20, 2020) (quoting *Meyers v. United States*, No. 6:13-cv-01555-CEM-TBS, Doc. No. 22 at 4 (M.D. Fla. Sept. 15, 2014)), *report and recommendation adopted*, Doc. No. 23 (M.D. Fla. Sept. 29, 2014)). Further, "unless a conflict of interest exists between the representative and minor, a district court need not even consider the question [of] whether a guardian ad litem should be appointed." *Burke*, 252 F.3d at 1264. When a parent who is also a party to the lawsuit represents the minor and has the same interest as the child, there is generally no conflict of interest. *Id.*; *see Jackson v. Magical Cruise Co.*, No. 6:14-cv-1997-Orl-18KRS, 2016 WL 2647689, at *1 (M.D. Fla. Apr. 22, 2016), *report and recommendation adopted*, 2016 WL 2733422 (M.D. Fla. May 9, 2016).

      No facts have been presented suggesting that Scoles is incapable of adequately representing K.S.'s interests. As such, there is no apparent conflict between Scoles and K.S., and the Court finds that appointment of a guardian ad litem is unnecessary.

Accordingly, it is hereby **ORDERED** that the Motion for Appointment of Guardian ad Litem (Doc. 2) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 6, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE