UNTIED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

K.S., by and through DAVID and
ALISHA SCOLES, as parents and
natural guardians,

    Plaintiff,

v.

CASE NO.: 6:23-cv-00616-PGB-EJK

SCHOOL BOARD OF ORANGE
COUNTY, FLORIDA,

    Defendant.
_____/

## DEPARTMENT OF CHILDREN AND FAMILIES' OBJECTION TO DEFENDANT'S SUBPOENA TO PRODUCE DOCUMENTS

COMES NOW, the Florida Department of Children and Families ("the Department"), by and through the undersigned counsel, and files its objection to the Defendant's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Defendant's Subpoena"), and as grounds, states the following:

1. This Objection is filed pursuant to Fed. R. Civ. P. 45(d) and (e).

2. The Department was served with Defendant's Subpoena on December 5, 2023. A copy of Defendant's Subpoena with redaction pursuant to Fed. R. Civ. P. 5.2(a) is attached hereto as Exhibit A.

3. The subpoena seeks child-protective investigation records under Chapter 39, Florida Statutes that the Department is unable to produce without a court order. The

child-protective investigation records the Defendant seeks do not name the Defendant in a way so that the records could be released to the Defendant under § 39.202, Fla. Stat.[1]

4. However, the records may be related to the issues pending before the Court in this case. § 39.202(2)(f), Fla. Stat. allows the Department to produce such records to a court for *in camera* review in order for the court to determine if the records are needed to help determine an issue before the court. Pursuant to Florida law, such access shall be limited to inspection *in camera*, unless the court determines that public disclosure of the information is necessary for the resolution of an issue then pending. Statewide Guardian ad Litem v. Alberto, 351 So.3d 625 (Fla. 3d DCA 2022); accord Urena v. Intex Recreation Corp., Case No. 6:19-cv-615-Orl-40EJK, 2019 WL 5596352 (M.D. Fla. Oct. 30, 2019) (applying the above-described "relevant and necessary" test in federal civil litigation); Pennsylvania v Ritchie, 480 U.S. 39, 59-61 (1987) ("A defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [State]'s files. […] To allow full disclosure to defense counsel in this type of case would sacrifice unnecessarily the [State]'s compelling interest in protecting its child-abuse information.").

5. The information which is contained in the child-protective investigation files, consists mostly, if not entirely, of hearsay testimony from the witnesses interviewed. Therefore, the information sought, which is contained within the confidential records, does not fall within the business-records nor public-records exceptions to the hearsay rule. Reichenberg v. Davis, 846 So.2d 1233 (5th DCA 2003).

---

[1] § 39.202(2)(p), Fla. Stat. does authorize the Department to produce child-protective investigation records to "the principal of a public school, private school, or charter school where the child is a student." However, it is the Department's understanding that the Plaintiff, K.S., no longer attends a school operated by the Defendant.

6. The Defendant's Subpoena also requires the Department to produce "[a]ny and all records… relating to" the Plaintiff, K.S.  The records sought are overly-broad, and not reasonably calculated to lead to the discovery of admissible evidence. Producing said records will also place an undue burden on the Department's Records Custodian to retrieve, review, and appropriately redact same.  Fed. R. Civ. P. 45(d)(3); Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case."); Saunders v. City of Lakeland, Florida, 8:22-CV-2482-MSS-JSS, 2023 WL 2305966 (M.D. Fla. Mar. 1, 2023).

7. Additionally, there may be information in Department's files in such cases that are protected by the Federal HIPAA statutes and regulations.  Such information may not be released except upon written consent or after appropriate order of the Court.

8. Should the Court issue an Order directing the Department to release any of the requested records for *in camera* review, the Department requests the Court take judicial notice of Yisrael v. State, 993 So.2d 952, 959 (Fla. 2008) ("[A]n evidentiary proponent may easily authenticate public records by requesting that the State supply the record under seal."), and relieve the Department of any further need to authenticate the records by affidavit or live testimony.

WHEREFORE, the Department of Children and Families respectfully requests this Court issue an order for an *in camera* review of the records in question, modify the subpoena, and/or quash the subpoena as required by law.

Respectfully submitted,

/s/ *Logan Bartholomew*
Logan Bartholomew
Assistant Regional Counsel
Florida Bar No.: 1039488
Florida Department of Children and Families
400 W. Robinson Street, S1129
Orlando, FL 32801
Phone: (407) 317-7994
Email: Logan.Bartholomew@myFLfamilies.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished by CM/ECF system this 14th day of December 2023 to the following:

1. Gail C. Bradford, Esq., Counsel for Defendant – GBradford@drml-law.com; GCBservice@drml-law.com

2. Lisa D. Haba, Esq. & Michael Barber, Esq., Counsel for Plaintiff - lisahaba@habalaw.com & mbarber@devotedtojustice.com

/s/ *Logan Bartholomew*
Logan Bartholomew
Assistant Regional Counsel
Florida Department of Children & Families

LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel for the Department and counsel for the Defendant conferred by telephone and e-mail prior to the filing of this Objection. The Department and Defendant were unable to reach a resolution.

/s/ *Logan Bartholomew*
Logan Bartholomew
Assistant Regional Counsel
Florida Department of Children & Families



# United States District Court
## for the Middle District of Florida
### Orlando Division



DCF/OGC
RECEIVED DEC 0 5 2023

K.S., by and through DAVID and
ALISHA SCOLES, as parents and
natural guardians

Civil Action Number: 6:23-cv-00616-PGB-EJK

v.

SCHOOL BOARD OF ORANGE
COUNTY, FLORIDA

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   Records Custodian
      Florida Department of Children and Families Services
      400 W. Robinson St., Suite 1129
      Orlando, FL 32801

Served Date: 12/5/2023 TS 1:36 pm

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**Any and all records of any nature or kind**, including, but not limited to, the items more fully described on the attached Exhibit A, for any and all times, from the inception of your records to the present.

| Place: Dean, Ringers, Morgan & Lawton, P.A.<br>201 E. Pine Ste., Suite 1200<br>Orlando, FL 32802 | Date and Time: 12/04/2023 @ 5 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena, and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __November 9, 2023__

CLERK OF COURT

                                                 OR

_____                     _/s/ Gail C. Bradford_____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*____School Board of Orange County, Florida_____, who issues or requests this subpoena, are

GAIL C. BRADFORD, ESQ.
Florida Bar No. 0295980

Dean, Ringers, Morgan & Lawton, P.A.
P.O. Box 2928, Orlando, FL 32802-2928
Tel: 407-422-4310; Fax: 407-648-0233
GBradford@drml-law.com; GCBservice@drml-law.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## EXHIBIT A

1. Any and all records, including but not limited to, reports, examinations, doctors' notes, correspondence, telephone messages, memoranda and all documents received or reviewed by the Florida Department of Children and Families relating to K▇▇▇ S▇▇▇ (DOB: ▇▇▇▇), whether stored on paper or electronically.

2. Any and all documents of any nature whatsoever in your possession regarding K▇▇▇ S▇▇▇ (DOB: ▇▇▇▇).

3. Any and all documents of any nature whatsoever in your possession regarding DCF Case No. 2021014793.

IF THE COST TO REPRODUCE THE REQUESTED DOCUMENTS/MATERIALS WILL EXCEED $100.00, PLEASE CONTACT OUR OFFICE FOR PRE-APPROVAL. FAILURE TO COMPLY WITH THIS REQUEST WILL RESULT IN PAYMENT OF NO MORE THAN $100.00 FOR ANY MATERIALS PRODUCED.

Case 6:23-cv-00616-PGB-EJK   Document 30   Filed 12/14/23   Page 8 of 11 PageID 189

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 6:23-cv-00616-PGB-EJK

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(A) Committee Note (2013).

| CERTIFICATION | |
|---|---|
| | Please complete and return |
| RECORDS PERTAINING TO : | KAITLYN SCOLES |
| ALIASES (please check all) : | |
| DATE OF BIRTH : | 03/25/2014 |
| SOCIAL SECURITY NUMBER : | XXX-XX- |

**CERTIFICATION OF RECORDS**

My name is _____, and I am personally acquainted with the facts herein stated. I am the custodian of the records at _____.

I am attaching all records in our possession for the individual listed above.

These records are kept by our facility in the regular course of business, and it was the regular course of business for an employee or representative of our facility with knowledge of the act, event, condition, opinion or diagnosis recorded to make the records or to transmit information thereof to be included in such record; and the record was made at or near the time of the act, event, condition, opinion or diagnosis. The records attached hereto are the originals or exact duplicates of the originals of each and every document in our possession pertaining to David Scoles.

I declare under penalty of perjury that the foregoing is true and correct.

_____     _____
Custodian of Records                                  Witness Signature

_____     _____
Date                                                              Date

**CERTIFICATION OF NO RECORDS**

My name is _____, and I am personally acquainted with the facts herein stated. I am the custodian of the records at _____.

A thorough search of both our active and archived files, carried out under my direction, revealed no documents, records, or other materials called for in the authorization for the individual listed above, or any aliases for the individual listed above, for the following reasons:

_____   All records for the time period in questions have been destroyed in accordance with our document retention policy. We normally destroy records after _____ years.

_____   A thorough search of both our active and archived files has been performed and no such records were found.

_____   Other  _____

I declare under penalty of perjury that the foregoing is true and correct.

_____     _____
Custodian of Records                                  Witness Signature

_____     _____
Date                                                              Date

# DEAN, RINGERS, MORGAN AND LAWTON
### A PROFESSIONAL ASSOCIATION
### ATTORNEYS AT LAW

GOBLE D. DEAN [1913-2000]
ANDREW L. RINGERS [1937-2014]
DALE O. MORGAN (OF COUNSEL)
LAMAR D. OXFORD (OF COUNSEL)
F. SCOTT PENDLEY (OF COUNSEL)
WILLIAM E. LAWTON *##+++
JOHN D. ROBINSON
FRANK C. WESIGHAN +
JEFFRY J. BRANHAM +
JOSEPH R. FLOOD, JR.
S. RENEE STEPHENS LUNDY *
DOUGLAS T. NOAH
JOHN M. JOYCE
G. CLAY MORRIS *
MICHAEL A. LOWE
BRYAN A. LOWE +
GLORIA A. CARR
JOHN T. CONNER
GAIL C. BRADFORD
PATRICIA M. REGO CHAPMAN
JESSICA C. CONNER #
JENNA M. WINCHESTER
ALYSSA J. FLOOD
MEREDITH L. McAVOY
IVELIS HOLT

MAIN OFFICE

CAPITAL PLAZA 1
201 EAST PINE STREET, SUITE 1200 (32801)
POST OFFICE BOX 2928
ORLANDO, FL 32802-2928
(407) 422-4310
FAX (407) 648-0233
WWW.DRML-LAW.COM

**PLEASE REPLY TO MAIN OFFICE**

SATELLITE OFFICES

FORT LAUDERDALE, FL 33301
(954) 315-3870
FAX (954) 302-7809

SANDESTIN, FL 32550
(850) 269-7215
FAX (850) 601-0898

JACKSONVILLE, FL 32207
(904) 371-1907
FAX (904) 830-4089

MIAMI, FL 33131
(305) 913-1797
FAX (786) 410-0720

TAMPA, FL 33607
(813) 288-4686
FAX (813) 579-3634

COURTNEY L. TOURNADE
GARY M. WHEELER, JR.
BRANDON T. ACEVEDO
NANFENG LI
PARKER J. WATTS
URSULA A. REMY
FILIPA ANDREIA BENTO

\* FLORIDA BAR BOARD CERTIFIED CIVIL TRIAL LAWYER
+ FLORIDA BAR BOARD CERTIFIED WORKERS' COMPENSATION LAWYER
# FLORIDA BAR BOARD CERTIFIED APPELLATE PRACTICE LAWYER

## ADMITTED TO THE DIST. OF COLUMBIA BAR
+++ ADMITTED TO THE NEW YORK BAR

November 14, 2023

Records Custodian
Florida Department of Children and Families Services
400 W. Robinson St.
Suite 1129
Orlando, FL 32801

> **RE:   KAITLYN SCOLES**
> **DOB: 03/25/2014**

Dear Sir/Madam:

With regard to the above-referenced individual, enclosed is a Subpoena Duces Tecum Without Deposition requesting that you produce any and all records in your possession. **Please be advised that Notice of the subpoena was sent to counsel of record, and we received no objection to the subpoena.**

Please complete and return the enclosed Certification. **If the cost of providing these records is in excess of $100, please contact our office prior to making the copies.**

If you have any questions, please do not hesitate to contact our office.

Sincerely,

*/s/ Gail C. Bradford*

Gail C. Bradford

GCB/smh
29460063