## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**K. S.,**

           **Plaintiff,**

**v.**                                  **Case No: 6:23-cv-616-PGB-EJK**

**SCHOOL BOARD OF ORANGE
COUNTY, FLORIDA,**

           **Defendant.**
_____/

### ORDER

This cause comes before the Court on Defendant's Motion to Dismiss (Doc. 24 (the "**Motion**")) and Plaintiff's response in opposition (Doc. 26 (the "**Response**")). Upon consideration, the Motion is due to be granted in part and denied in part, solely for the reasons stated herein.

## I.    BACKGROUND[1]

This action stems from an alleged physical and sexual assault of Plaintiff while she was a student at Sunset Park Elementary School, a school operated and maintained by Defendant School Board of Orange County, Florida ("**Defendant**"). (Doc. 1, ¶¶ 1, 6, 25, 30).

On January 15, 2021, Plaintiff—a six-year-old first grade student—asked her art teacher to use the restroom. (*Id.* ¶¶ 1–3). The art teacher requested

---

[1]    This account of the facts comes from Plaintiff's Complaint (Doc. 1), which the Court accepts as true for the purposes of this Motion. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

another student, S.C., go with Plaintiff to the bathroom. (*Id.* ¶ 4). Although the young students were gone for a notable amount of time, the art teacher never went to check on them. (*Id.* ¶ 5). Ultimately, a first-grade teacher, Ms. Carnovali, realized the students had been gone for too long and went to the bathroom to check on them, only to find Plaintiff and S.C. exiting the same stall. (*Id.* ¶ 7). Ms. Carnovali asked the two if they kept their hands to themselves, but both of them replied that they had not. (*Id.* ¶ 8). In fact, S.C. had "physically and sexually assaulted and battered [Plaintiff] in a bathroom stall by dragging her into the stall, violently and aggressively pressed and rubbed her vaginal area, slammed her head into the floor on one or more occasions, covered her mouth because the screaming was 'annoying,' and digitally penetrated her." (*Id.* ¶ 6).

Thereafter, Ms. Carnovali informed school administration of the incident, and a Title IX investigation took place. (*Id.* ¶ 9). However, a grievance was raised regarding the adequacy of the aforementioned investigation and the relevant procedure. (*See id.* ¶¶ 12–16). Ultimately, the investigation concluded that S.C.'s actions against Plaintiff in the bathroom violated the respective code of conduct. (*Id.* ¶ 17). Nonetheless, Defendant provided no reasonable supportive measures to help Plaintiff heal from the horrific incident. (*Id.* ¶ 18). Plaintiff's parents requested Defendant help provide Plaintiff alternative learning options that would enable her to continue her in-person education in a safer environment—for example, by modifying Plaintiff's class schedule to ensure Plaintiff was separated from S.C. (*Id.* ¶ 19). And yet, Defendant refused. (*Id.* ¶¶ 19–21). Accordingly,

Plaintiff's parents made Plaintiff attend classes virtually in order to protect her from S.C. (*Id.* ¶ 21). However, two months later, Plaintiff ended up "suddenly and without warning [being] placed in a virtual classroom alone with S.C," leading Plaintiff to suffer extraordinary amounts of distress. (*Id.* ¶ 22).

Plaintiff initiated this lawsuit on April 4, 2023, asserting two causes of action against Defendant: a Title IX claim for deliberate indifference (Count I) and a state law negligence claim (Count II). (*See generally id.*). Defendant moved to dismiss the Complaint (Doc. 24), Plaintiff responded in opposition (Doc. 26), and the matter is now ripe for review.

## II.   STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Thus, to survive a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam). However, though a complaint need not

contain detailed factual allegations, pleading mere legal conclusions, or "a formulaic recitation of the elements of a cause of action," is not enough to satisfy the plausibility standard. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 679; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In sum, the court must: reject conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; accept well-pled factual allegations as true; and view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678–79.

## III.   DISCUSSION

Defendant seeks dismissal of Plaintiff's Complaint on two primary grounds: 1) Plaintiff's Title IX claim must be dismissed because emotional damages are not constitutionally recoverable, and 2) Defendant is entitled to sovereign immunity on the negligence claim. (*See* Doc. 24).[2] Ultimately, however,

---

[2]   Defendant also argues that the case should be dismissed for Plaintiff's failure to timely serve Defendant. (Doc. 24, pp. 3–5). However, as Plaintiff correctly points out, the Court has already addressed this issue. (*See* Doc. 26, pp. 4–6; Docs. 17, 20, 21). On July 14, 2023, the Court issued an Order to Show Cause as to why Plaintiff had failed to serve Defendant within the ninety (90) days provided by Federal Rule of Civil Procedure 4(m). (Doc. 17). Upon consideration of Plaintiff's response, the Court discharged the respective Order to Show Cause for good cause shown and extended the time to serve Defendant, nonetheless warning Plaintiff that "future requests for extensions must be filed prior to the respective deadline" and "[f]ailure to comply may result in dismissal without prejudice or other appropriate sanctions." (Doc. 21). Now, Defendant contends that Plaintiffs "usurped time and money and court resources in late accomplishing the relatively simple task of service of process" and "benefit[ed] [from] their delay." (Doc. 24, p. 5). Such a statement is a bit of an exaggeration

upon review of the Complaint and the parties' memoranda regarding the instant Motion, the Court finds that the Complaint represents the quintessential example of a shotgun pleading. (*See generally* Docs. 1, 24, 26). For one, the first paragraph of each discrete count incorporates all preceding allegations by reference. (*See* Doc. 1, ¶ 132 ("Plaintiffs re-allege and incorporate by reference all prior and subsequent paragraphs as if fully incorporated herein.")). Moreover, it appears Count II commingles various distinct causes of action. (*See* Docs. 1, 24, 26). As such, the Complaint is due to be dismissed as a shotgun pleading and must be rectified by repleader.

While Defendant does not explicitly set forth such an argument, "[w]hen presented with a shotgun complaint, the district court should order repleading *sua sponte.*" *Ferrell v. Durbin*, 311 F. App'x 235, 259 n.8 (11th Cir. 2009) (per curiam).[3]  The Eleventh Circuit has "been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years. . . ." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 (11th Cir. 2008), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). There are four acknowledged types of shotgun pleadings:

---

considering Plaintiff ultimately served Defendant within two weeks of the time allotted for under Rule 4(m). (Docs. 18, 19). Not to mention, Rule 4(m) provides that if a plaintiff demonstrates good cause for failure to timely serve a Defendant, courts "must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). Alas, the Court will not address this argument any further as it has already done so and determined that litigation could proceed.

[3]  "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

Here, as noted above, Count I and Count II fall within the first category of shotgun pleadings, "adopt[ing] the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." (*See* Doc. 1, ¶¶ 115, 132 ("Plaintiffs re-allege and incorporate by reference all prior and subsequent paragraphs as if fully incorporated herein.")).[4]

Moreover, the Complaint appears to be a prime example of the third type of shotgun pleading, "one that commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322–23. In the instant Motion to Dismiss, Defendant argues that Plaintiff raises "a

---

[4]   Although Count I is the first count and thus cannot adopt allegations of *prior* counts, it commits the same offense proscribed by *Weiland* because it adopts "all . . . *subsequent* paragraphs" and thus, subsequent counts by reference. (Doc. 1, ¶ 115); *see Weiland*, 792 F.3d at 1322–23.

cornucopia of allegations" with regard to its negligence claim, including "a duty to reasonably supervise, notify, and train its employees." (Doc. 24, p. 8). Defendant then proceeds to argue that, to the extent they exist, Plaintiff's negligent training and negligent supervision claims must be dismissed for various reasons. (*See id.* at pp. 8–11). Although unclear, in Plaintiff's Response to the Motion to Dismiss, Plaintiff does not seem to dispute that various distinct claims are bundled in its umbrella "negligence" claim. (*See* Doc. 26, pp. 12–13 (noting that Defendant "only contested the negligent training and negligent supervision portions of [Plaintiff's] negligence claim")). As such, Plaintiff's negligence claim improperly conflates various independently cognizable claims—some of which may be unknown to the Court, but at the very least, appear to be claims for negligent training and negligent supervision. *See, e.g.*, *Finch v. Carnival Corp.*, No. 23-CV-21704, 2023 WL 7299780, at *8 (S.D. Fla. Nov. 6, 2023) (collecting cases); *Anders v. Carnival Corp.*, No. 23-21367-CIV, 2023 WL 4252426, at *4 (S.D. Fla. June 29, 2023) (finding the complaint a shotgun pleading because plaintiff brought "a claim of negligent training nestled within his general negligence claim" and although negligent training "sounds in negligence [it] is a separate cause of action with distinct elements"); *Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV, 2021 WL 2592914, at *9 (S.D. Fla. Apr. 23, 2021) (finding that a claim epitomized a form of shotgun pleading because "negligent supervision and negligent training are separate claims which must be pled separately").

Simply put, a complaint is not a guessing game, and Plaintiff cannot play cat and mouse with the federal pleading standards to mystify its claims for Defendant.[5] Defendant must have "adequate notice of the claims against [it] and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Thus, in repleading, the amended complaint shall respectively separate the relevant factual allegations into a different count for each independent cause of action that is presently nestled into Count II, a general negligence claim.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    Defendant's Motion to Dismiss (Doc. 24) is **GRANTED IN PART AND DENIED IN PART**.

   a.    The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading.

   b.    The Motion is **DENIED** in all other respects.

2.    On or before March 8, 2024, Plaintiff may file an amended complaint consistent with the directives of this Order and all applicable rules and law. Failure to timely file an amended complaint

---

[5]   The Court only highlights this because Plaintiff argues in its Response to the Motion to Dismiss that "[b]y not addressing any other forms of negligence [in the Motion to Dismiss], [Defendant] has waived any argument or defense of sovereign immunity to any other form of negligence raised [in Plaintiff's Complaint]." (*See* Doc. 26, p. 13). Such is not the case if Defendant cannot even decipher what forms of negligence are being raised. Shotgun pleadings are deficient, and should be dismissed, for this very reason—"they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323; *see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

may result in the dismissal of this action without prejudice without further notice.

**DONE AND ORDERED** in Orlando, Florida on February 16, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties