## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

K.S., by and through DAVID and
ALISHA SCOLES, as parents and
natural guardians,

        Plaintiffs,

  -vs-

SCHOOL BOARD OF ORANGE
COUNTY, FLORIDA,

       Defendant.

CASE NO.: 6:23-cv-616-JSS-UAM

### PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF MINOR SETTLEMENT AGREEMENT PURSUANT TO F.S. § 744.387(3)

**COMES NOW**, Plaintiff, K.S., by and through DAVID and ALISHA SCOLES, as parents and natural guardians (collectively "Plaintiffs"), by and through their undersigned attorneys, hereby files this unopposed motion to approve the parties' settlement agreement pursuant to Florida Statute § 744.387. In support thereof, Plaintiffs offer as follows:

1.    This is a personal injury case brought by DAVID and ALISHA SCOLES on behalf of their minor child, K.S. against Defendant SCHOOL BOARD OF ORANGE COUNTY, FLORIDA ("School Board").

2.    On July 22, 2024, Plaintiffs and Defendant School Board were able to settle this matter and reached an agreement to fully resolve all claims between the parties. (Dkt. 48).

3.    The proposed settlement is for the benefit of K.S.

4.    Plaintiffs move this Court to approve the proposed settlement for the minor child, which is attached as Exhibit 1.

5.    Plaintiffs and School Board were all represented by their respective attorneys.  There is no evidence of any collusion in this case.

6.    On July 29, 2024, the Court issued an Order appointing a Guardian ad Litem for K.S. (Dkt. 50).

7.    On September 17, 2024, the Guardian ad Litem filed her Report.  (Dkt. 54).

8.    The Guardian Ad Litem appointed determined that the settlement agreement was reasonable and favorable to the minor child.  Further, the structured settlement is in the best interest of the minor child.  (Doc. 54).

9.    The future periodic payment amounts outlined herein are guaranteed based upon a projected annuity purchase date of 02/1/2025. Any delay in funding the annuity may result in a delay of the payment dates or change in payment amounts that shall be recorded in the settlement agreement and release, qualified assignment document, and annuity contract without the need to obtain an amended Petition/Court Order up to 180 days after original purchase date.

10.   Based on the circumstances of this case, there is no provision of the Agreement that renders it fundamentally unfair, unreasonable, or otherwise contrary to K.S.'s best interests.

### MEMORANDUM OF LAW

Plaintiffs have asserted claims arising under federal and state law, however, "federal law does not speak to the standard that the Court should employ in determining whether to approve a settlement agreement involving a minor." *A.H. v. Collegiate Prep Realty, LLC, et. al.,* 6:23-cv-1550-PGB-LHP (M.D. Fla. Feb. 9, 2024) (citing *Meyers v. United States*, No. 6:13-cv-1555-Orl-41TBS, 2014 WL 5038585, at *3 (M.D. Fla. Sept. 29, 2014)). "When confronted with a gap in a federal statutory scheme, federal courts may, depending on the circumstances, choose to adopt state law rather than craft a uniform federal rule." *Id.* (citing *United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 728 (1979)).

Pursuant to Florida Statute § 744.387, court approval of a settlement agreement involving a minor requires a determination that "the settlement will be for the best interest of the ward." Fla. Stat. § 744.387(1). E.g., *Gentry v. Gar Shing Realty Corp.*, No. 6:21 CV-45-JA-LRH, 2021 WL 2827498, at *2 (M.D. Fla. June 22, 2021) (applying Florida Statute § 744.387). "[T]he cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties." *Id*. (citing *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991)).  When the gross settlement amount is greater than $50,000, the court "shall appoint a guardian ad litem to represent the minor's interest before approving [the] settlement." Fla. Stat. § 744.3025(1)(b), (d). "The duty of the guardian ad litem is to protect the minor's interests..." Fla. Stat. § 744.3025(1)(d).

The proposed settlement in this case is in the best interest of K.S., the minor. Plaintiffs and School Board agreed to settle the case for a gross settlement of $210,000.00. "In reviewing the settlement, the court's inquiry is limited to whether the settlement is in the best interests of the minor." *A.H.*, 6:23-cv-1550-PGB-LHP (citing *Bullard v. Sharp*, 407 So. 2d 1023, 1023–24 (Fla. 4th DCA 1981) (holding that a trial court may not withhold approval of settlement of a minor's claim on the grounds that the minor's recovery is excessive); *In re Smith*, 926 F.2d 1027, 1029–30 (11th Cir. 1991) (following *Bullard*). "The purpose of an order approving a minor's settlement is not to protect any legal right a defendant may have to control settlement[,] but instead it is to protect the interest of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." *Jackson v. Magical Cruise Co., Ltd.*, No. 6:14-cv-1997-Orl 18KRS, 2016 WL 2647689, at *2 (M.D. Fla. Apr. 22, 2016) (citing *McLaughlin v. Lara*, 133 So. 3d 1004, 1006 (Fla. Dist. Ct. App. 2013)), *report and recommendation adopted sub nom. Jackson v. Magical Cruise Co.*, 2016 WL 2733422 (M.D. Fla. May 9, 2016).

The appointed Guardian ad Litem evaluated the case and determined that the settlement was in the best interest of K.S. Plaintiffs and Defendant School Board are represented by their respective attorneys. There is no provision in the Settlement Agreement that renders it fundamentally unfair, unreasonable, or otherwise contrary to K.S.'s best interests.

## CONCLUSION

For the reasons stated herein, Plaintiff requests that this Honorable Court approve the settlement agreement attached as Exhibit 1.

## LOCAL RULE 3.01(G) CERTIFICATION

I, Lisa D. Haba, certify that on January 2, 2025, I conferred in good faith with opposing counsel, Gail Bradford.  Attorney Bradford has no objection to this motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 17, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Lisa D. Haba*
Lisa D. Haba
The Haba Law Firm, P.A.
1220 Commerce Park Dr., Suite 207
Longwood, FL 32779
(844) 422-2529
lisahaba@habalaw.com

Michael D. Barber
Law Office of Michael D. Barber
641 W. Fairbanks Avenue, Ste. 101
Winter Park, FL 32789
Phone: (407) 890-8000
mbarber@devotedtojustice.com

*Counsel for Plaintiffs*