United States District Court
Middle District of Florida
Orlando Division

**K.S., BY AND THROUGH DAVID AND ALISHA SCOLES, AS PARENTS AND NATURAL GUARDIANS,**

    *Plaintiff,*

v.     NO. 6:23-cv-616-UAM

**SCHOOL BOARD OF ORANGE COUNTY, FLORIDA,**

    *Defendant.*

---

# Order

    A minor's parents sue the School Board of Orange County, Florida, for an alleged violation of a provision of Title IX of the Education Amendments of 1972, codified at 20 U.S.C. § 1681(a); and alleged negligent training and supervision. Doc. 35. The Court appointed a guardian ad litem to represent the minor's interests. Doc. 50. The parents ask the Court to approve a settlement and a fee arrangement. Docs. 59, 65. The Court heard arguments on the requests. Doc. 68. The School Board has no opposition. Doc. 65 at 5.

    Florida law requires court approval of the settlement of an action by a guardian on a minor's behalf, Fla. Stat. § 744.387(3)(a), to protect the minor's and guardian's interests, *McLaughlin v. Lara*, 133 So. 3d 1004, 1006 (Fla. 2d DCA 2013). The court considers whether the settlement is in the minor's best interest, *Bullard v. Sharp*, 407 So. 2d 1023, 1024 (Fla. 4th DCA 1981), as fair, adequate, reasonable, and free from collusion, *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991). If the gross settlement amount is $50,000 or greater, the court

must appoint a guardian ad litem before settlement approval. Fla. Stat. § 744.3025(1)(b). The guardian ad litem's duty is to protect the minor's interests. Fla. Stat. § 744.3025(1)(d).

Under the settlement, the School Board will pay $210,000.00 in exchange for a release. Doc. 65-1 at ¶¶ 3, 7. The School Board will issue a check for $133,710.22 to buy a structured settlement benefiting the minor and a check for $76,289.78 to pay an attorney's fee and costs. Doc. 65-1 ¶ 3. The settlement considers that, under Florida law, an attorney's fee for a claim against a sovereign entity may not exceed 25 percent. *See* Fla. Stat. § 768.28(8).

The guardian ad litem opines (1) the settlement is favorable to the minor considering the available funds and the injuries, (2) the settlement is reasonable and acceptable, (3) the costs incurred "appear … appropriate and justified," (4) the attorney's fee is reasonable considering the time, expense, and risk associated with this type of action, (5) the fund distribution is reasonable, and (6) the structured settlement is in the minor's best interest. Doc. 54 ¶¶ 16–20. The guardian ad litem elaborated on her qualifications and opinions at the hearing. *See* Doc. 68.

Based on a review of the record and representations at the hearing, the Court agrees with the guardian ad litem's opinions and finds the settlement is in the minor's best interest as fair, adequate, reasonable, and free from collusion. Approving the settlement is warranted.

Rule 4-1.5(f) of the Rules Regulating The Florida Bar requires court approval of fee splitting under certain circumstances. A fee division between lawyers in different firms under circumstances present in this action may be made only if the total fee is reasonable and (1) the division is proportional to

the services performed by each lawyer or (2) "by written agreement with the client: (A) each lawyer assumes joint legal responsibility for the representation and agrees to be available for consultation with the client" and "(B) the agreement fully discloses that a division of fees will be made and the basis upon which the division of fees will be made." Rule 4-1.5(g). The determinative factor is whether the lawyers have established a co-counsel relationship. Rule 4-1.5(f)(4)(D)(iii) cmt.

Based on counsel's declaration, Doc. 47-1, a review of the amended fee agreement, Doc. 47-2, and the representations at the hearing that one firm has school-related legal experience and familiarity with the pre-litigation Title IX proceedings involving the minor and the other firm has litigation experience and familiarity with federal-court practice, the Court finds that the fee arrangement, to which the parents agreed, Doc. 47-1 at 2, Doc. 47-2 ¶ 1, is reasonable and appropriate. Considering the absence of prejudice or objection, the belated nature of the application is not a basis for denying it. Approving the fee arrangement is warranted.

The motion to approve the settlement, Doc. 65, and the application for approval of the fee arrangement, Doc. 59, are **granted**. The settlement and fee arrangement are approved. By **May 16, 2025**, the parties must file the joint stipulation of dismissal described in paragraph 4 of the settlement agreement, Doc. 65-1 ¶ 4, or other appropriate dismissal papers.

**Ordered** in Jacksonville, Florida, on April 4, 2025.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*